IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**BRANDON COCHRAN,**

     **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　　Civil Action No.　2:25-cv-334

**DEPUTY T. CASTRO,**
**OFFICER COLE,**
**OFFICER KEEN,**
**TROOPER JOHN DOE,**
**and JOHN DOES**

     **Defendants.**

## COMPLAINT

Comes now, Brandon Cochran, by counsel, Stroebel & Stroebel, P.L.L.C. and for his Complaint, states as follows:

1.　Plaintiff, Brandon Cochran, ("Plaintiff") was repeatedly punched, struck, and kicked on or about June 5, 2023, by the defendant police officers, Castro, Cole, Keen, and John Does. Plaintiff was a resident of Kanawha County, West Virginia at the time of the beating. Plaintiff's claims are made pursuant to 42 U.S.C. § 1983 as well as state common/statutory laws. When applicable, Plaintiff seeks damages up to the amount of insurance coverage provided to the defendants.

2.　Upon information and belief, Defendant Cole, Defendant Keen and Defendant Does were employed by the City of South Charleston and were acting under the color of state law at the time they punched, struck, and used excessive force against the plaintiff without cause. In the alternative, Defendants Cole, Keen, and Does were acting under the color of state law when they failed to protect Plaintiff and helped restrain Plaintiff while he was being beat by Defendants

Castro and Trooper John Doe. Defendant Cole, Defendant Keen, and Defendant Does are being sued in their individual capacities. Plaintiff seeks damages up to the amount of insurance available if applicable.

3. Upon information and belief, Trooper John Doe was employed by the West Virginia State Police and was acting under the color of state law at the time he punched, struck, kicked, and beat plaintiff without cause. Defendant Doe is being sued in his individual capacity. Plaintiff seeks damages up to the amount of insurance available if applicable.

4. Upon information and belief, Defendant Castro was employed by the Kanawha County Sheriff's Department and was acting under the color of state law at the time he punched, struck, kicked, and beat plaintiff without cause. Defendant Castro is being sued in his individual capacity. Plaintiff seeks damages up to the amount of insurance available if applicable.

5. On or about June 5, 2023, Plaintiff was involved in a vehicle pursuit with City of South Charleston officers, West Virginia State Police officers, and Kanawha County Sheriff's Department officers. Plaintiff eventually stopped his car, turned it off, and peacefully surrendered to the police officers.

6. Defendant Trooper John Doe and Defendant Castro were the first officers to arrive at Plaintiff's vehicle. Despite giving himself up, Defendant Trooper Doe pulled Plaintiff from his vehicle and slammed Plaintiff to the ground while Defendant Castro had his taser pointed at Plaintiff. Despite the fact that Plaintiff was not resisting, Trooper Doe immediately began punching Plaintiff in his head repeatedly. Defendants Cole and Keen arrived at this time and assisted in restraining Plaintiff while he was on the ground. Despite four officers being on top of Plaintiff and restraining him, Trooper Doe continued to punch Plaintiff in his head and face. Then, with

Plaintiff's right hand in a handcuff and being held behind his back, with four officers pinning him down, and Defendant Castro holding Plaintiff's left hand, Defendant Castro punched Plaintiff repeatedly in his head and face. Defendants Castro, Trooper Doe, Keen, Cole, and Does continued to hit, knee, strike, and kick Plaintiff in his head and body after he was handcuffed and laying on the ground. The force used was excessive and unnecessary. Defendants knew through legal precedent that such conduct is a constitutional violation. These actions caused serious bodily injury and required that plaintiff be taken to the hospital for evaluation and treatment.  As a result of the excessive force of the Defendants, Plaintiff suffered three fractured ribs, a pulmonary contusion, facial abrasions, and a sinus fracture.

7. Defendants would have known that their conduct was a violation of plaintiff's constitutional rights at the time they punched, kicked, and struck, plaintiff, when Plaintiff had surrendered and was not a threat to himself, the officers, or anyone else.

### COUNT I - VIOLATION OF FOURTH AMENDMENT TO UNITED STATES CONSTITUTION – USE OF EXCESSIVE FORCE

8. Plaintiff re-alleges and incorporates the allegations in the paragraphs above as if fully set forth herein.

9. Defendant Castro, Defendant Keen, Defendant Cole, Defendant Trooper Doe, and Defendant Does as set forth hereinabove, punched, kicked, kneed, and struck Plaintiff using excessive force that was unwarranted, unnecessary, and unjustified. Defendants punched and struck Plaintiff while he was restrained by other officers and laying on the ground. Defendants' actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation on Plaintiff. At no time after Plaintiff surrendered did Plaintiff pose a threat to the Defendants, himself, or others.

10. The excessive force and conduct described in paragraphs 6, 7, and other paragraphs above and as used against Plaintiff by the Defendants was a violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable search and seizures and unreasonable intrusions on his bodily integrity. This conduct is actionable pursuant to 42 U.S.C. § 1983.

11. Punching, kicking, kneeing, and striking Plaintiff was excessive, outrageous, and an abuse of power in violation of Plaintiff's rights under the Fourth Amendment to be free from excessive force and unlawful searches and seizures. Further, Defendants' acts, as set forth hereinabove, were done while they were acting under the color of state law. The Defendants would have known from legal precedent that such conduct was a violation of plaintiff's constitutional rights.

12. As a result of the aforementioned, Plaintiff required medical treatment at the hospital. Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been damaged, with emotional distress, violation of his rights and is therefore entitled to compensatory damages, punitive damages, as well as attorney fees and costs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

## COUNT II - BATTERY

13. Plaintiff re-alleges and incorporates the allegations in the paragraphs above as if fully set forth herein.

14. Defendant Castro, Defendant Keen, Defendant Cole, Defendant Trooper Doe, and Defendant Does battered Plaintiff when they punched, kicked, and struck Plaintiff while he was laying on the ground.

15. As a result of the aforementioned, Plaintiff required medical treatment at the hospital. Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been greatly damaged, with emotional distress, violation of his rights and is therefore entitled to punitive damages, attorney fees and costs.

## COUNT III – RECKLESSNESS/MALICIOUS CONDUCT

16. Plaintiff re-alleges and incorporates the allegations in the paragraphs above as if fully set forth herein.

17. Defendant Castro, Defendant Keen, Defendant Cole, Defendant Trooper Doe, and Defendant Does acted recklessly and/or maliciously when they punched, kicked, and struck Plaintiff without any just cause or reason.

18. The malicious nature of these acts is demonstrated by the conduct of the Defendants and the Defendants' extreme force used on Plaintiff after Plaintiff had surrendered and was laying on the ground, with his hands visible and being held by the officers. The defendants also repeatedly cursed and screamed at Plaintiff during and after the beating.

19. The conduct of defendants as described herein was in bad faith and carried out in a wanton, reckless, and malicious manner is actionable pursuant to W.Va. Code § 29-12A-5.

20. As a result of the aforementioned, Plaintiff required medical treatment at the hospital. Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been greatly damaged, with emotional distress, violation of his rights and is therefore entitled to punitive damages, attorney fees and costs.

## COUNT IV – BYSTANDER LIABILITY/DELIBERATE INDIFFERENCE VIOLATION OF 42 U.S.C. §1983

21. Plaintiff re-alleges and incorporates the allegations in the paragraphs above as if fully set forth herein.

22. Defendant Castro, Defendant Keen, Defendant Cole, Defendant Trooper Doe, and Defendant Does were all present for the beating of Plaintiff that was described herein. Defendants Keen and Cole held Plaintiff down/restrained Plaintiff while they watched Defendant Castro and Defendant Trooper Doe repeatedly punch and strike Plaintiff. All of the Defendants were present when Defendants Castro, Trooper Doe, Keen, and Cole continued to hit, strike, knee, and kick Plaintiff in his head and body after he was handcuffed and laying on the ground. Defendants Castro, Trooper Doe, Keen, and Cole knew that the other Defendant's were violating Plaintiff's constitutional rights because Plaintiff was being excessively beaten when he was restrained. All of the Defendant's were in a position to stop the other Defendants from excessively beating Plaintiff and chose not to act. This can be seen on the body camera footage of Defendant Cole.

23. The defendants violated Plaintiff's Fourth Amendment rights when they illegally punched, struck, kneed, kicked, and beat Plaintiff after he had surrendered and was detained. The defendants knew that the beating, punching, kneeing, kicking, and striking of an individual who had surrendered and was restrained violated Plaintiff's Constitutional rights. Despite said knowledge the defendants failed to stop the others from carrying out this unlawful conduct. Defendants had ample time and ability to prevent the beating of Plaintiff but failed to do so.

24. The Defendants were deliberately indifferent to the unlawful beating of plaintiff. Defendants knew they should intervene and had the opportunity to stop the unlawful beating but failed to do so.

25. The Defendants would have further known that their failure to intervene was a violation of plaintiff's constitutional rights.

26. The failure to intervene when an individual's constitutional rights are being violated is a recognized cause of action and is actionable pursuant to 42 U.S.C. §1983. "The concept of bystander liability is premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." *Randall v. Prince George's County, Md.*, 302 F.3d 188, 203 (4th Cir. 2002). The Fourth Circuit has further held that there is an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers. *Id.* quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2nd Cir. 1994). "An officer may be liable under [42 U.S.C.] § 1983, on a theory of bystander liability, if he: (1) knows that fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Randall*, 302 F.3d at 204. Plaintiff asserts this is exactly what happened in this case and the ability of the Defendants to intervene and their decision not to intervene can be seen on the body camera of Defendant Cole.

27. Plaintiff has suffered serious injuries as a result of the failure to intervene. As a result of the aforementioned, Plaintiff required medical treatment at the hospital. Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been greatly damaged, with emotional distress, violation of his rights and is therefore entitled to punitive damages as well as attorney fees and costs pursuant to 42 U.S.C. **§**1983 and 42 U.S.C. **§**1988.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

BRANDON COCHRAN,
By Counsel,


/s/ **Paul E. Stroebel**
Paul E. Stroebel (WV Bar #13269)
Attorney for Plaintiff
Stroebel & Stroebel, PLLC
405 Capitol Street; Suite 102
P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
Fax: (304) 346-6029
E-mail: paulstroebel1@gmail.com